UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RENE A. FONSECA,

    Petitioner,

v.

RON BROOMFIELD,

    Respondent.

Case No. 23-cv-01719-WHO (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Rene A. Fonseca seeks federal habeas relief from his California state convictions for sex offenses. The petition for habeas relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The petition states cognizable claims. Accordingly, on or before **December 18, 2023**, respondent shall file an answer or a dispositive motion in response to the habeas petition.

The Clerk shall modify the docket to reflect that Ron Broomfield, the warden of the prison in which Fonseca is housed, is the sole respondent. Broomfield is the sole proper respondent in this action, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

The filing fee has been paid. (Dkt. No. 1.)

## BACKGROUND

In 2019 Fonseca was convicted by a San Francisco County Superior Court jury of rape by intoxication, oral copulation by intoxication, sexual penetration by a foreign object by force, and misdemeanor sexual battery. (Pet., Dkt. No. 1 at 2.); *People v. Fonseca*, No. A159178, 2022 WL 15623908, at *1, *9 (Cal. Ct. App. Oct. 27, 2022). A sentence of nine

years was imposed.  (*Id.*)  His attempts to overturn his convictions in state court were unsuccessful.  (*Id.* at 3-4.)

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Fonseca alleges that the trial court violated his federal constitutional rights by (1) refusing his request to instruct the jury on the complete defense of mistaken belief of consent; (2) failing to instruct the jury on the legal definition of consent; (3) admitting the testimony of a rape trauma expert; (4) denying his motion for a new trial based on newly discovered exculpatory evidence; and (5) excusing a juror during deliberations.  (Pet., Dkt. No. 1 at 6-7.)  When liberally construed, these claims are cognizable and shall proceed.

## CONCLUSION

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses:  SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk shall serve by mail a copy of this order on petitioner.

2. On or before **December 18, 2023**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing

Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **December 18, 2023**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The filing fee has been paid. (Dkt. No. 1.)

**IT IS SO ORDERED.**

**Dated:** August 30, 2023

WILLIAM H. ORRICK
United States District Judge